RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
KATHERINE TANAKA
Assistant Federal Public Defender
Nevada State Bar No. 14655C
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577
Katherine_Tanaka@fd.org
Attorney for Chang Tan

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-MJ-0955-NJK |
| Plaintiff, | |
| v. | **RESPONSE TO GOVERNMENT'S BENCH MEMORANDUM REGARDING FURTHER PROCEEDINGS IN THIS DISTRICT** |
| CHANG TAN, | |
| Defendant. | |

Defendant, Chang Tan, by and through his counsel, Katherine Tanaka, Assistant Federal Public Defender, submits this Response to the Government's Bench Memorandum Regarding Further Proceedings in this District.

I.      **INTRODUCTION**

Mr. Tan suffers diagnosed mental health disorders. These mental disorders can and have been previously been managed when Mr. Tan is on his proper medication. On December 16, 2019, Magistrate Judge David Weisman determined that there were conditions that could be fashioned to reasonably assure the safety of the community and Mr. Tan's appearance in court. *See* ECF No. 28 (1:19-cr-0701). Accordingly, he ordered Mr. Tan released to his father. In addition to ordering Mr. Tan released, the Magistrate Judge ordered that "the medical physician/personnel at the MCC (Metropolitan Correctional Center) shall provide [Mr. Tan]

with a three-day supply of prescription medication." *Id.* These medications were specifically ordered to address Mr. Tan's mental health disorders.

Unfortunately, during Mr. Tan's transport, he was not provided with any of his prescription medications, despite orders from the court. Following the stress of travel and the lengthy amount of time in custody, and more importantly without his medication, Mr. Tan became agitated and sought assistance from Pretrial Services. While meeting with Pretrial Services, Mr. Tan requested he be returned to custody. Without considering Mr. Tan's mental state or attempting to contact Mr. Tan's father (who was outside waiting for Mr. Tan), Pretrial Services reported Mr. Tan's requests to the court and had Mr. Tan taken into custody.

On December 18, 2019, Mr. Tan made an appearance in front of this Court. In light of the unique circumstances, Mr. Tan requested a continuance so that efforts could be made to contact his AFPD in the original district—Northern District of Illinois. Undersigned counsel has since made contact with Mr. Tan's AFPD in Chicago. The AFPD has informed undersigned counsel that he has made attempts to reach out to the AUSA prosecuting Mr. Tan's case to try to get a resolution, as well as attempts to set an emergency motion in front of Magistrate Judge Weisman. The prosecuting AUSA is out of town, and Mr. Tan's AFPD has not yet been able to set a hearing in front of Magistrate Judge Weisman.

Undersigned counsel has also spoken to Mr. Tan's father, who is more than eager to get his son home so that he can get him back on his medication and back under care of his physician. Undersigned counsel has also spoken to Mr. Tan, who has indicated that, the issue with his father on December 17, was a result of a misunderstanding, and that it is his desire to return home.

In light of the unusual circumstances in this case—notably the fact that Mr. Tan has *not* been found to have violated any of his conditions of pretrial release, and the fact that he suffers from mental health issues that were unmedicated during his transport—Mr. Tan requests this Court consider modifying the original Magistrate Judge's order requiring Mr.

1   Tan remain in custody pursuant to Federal Rule of Criminal Procedure 40(c), and order Mr.

2   Tan released back to his father.

3   **II.   ARGUMENT**

4   The government argues that the applicable rule for Mr. Tan's situation appears to be

5   Federal Rule of Criminal Procedure 40. According to Fed. R. Crim Proc. 40(a), "[a] person

6   must be taken without unnecessary delay before a magistrate judge in the district of arrest if

7   the person has been arrested under a warrant issued in another district for . . . violating

8   conditions of release set in another district."

9   As an initial matter, Mr. Tan stresses that there have not been any allegations or

10   findings that he violated conditions of his pretrial release. The grounds for the emergency

11   status hearing held by the original Magistrate Judge was based on information received by

12   Pretrial Services indicating that Mr. Tan requested he be returned to custody, instead of

13   residing with his father. *See* ECF No. 34 (1:19-cr-0701). There were no allegations that Mr.

14   Tan failed to abide by his conditions of pretrial release from Pretrial Services. As a result, the

15   original Magistrate Judge never made any findings that Mr. Tan violated his conditions—the

16   order specifies only that the Court had received information "communicated from Pretrial

17   Services regarding [Mr.  Tan's] request to be taken back into custody," and that "[t]he Court,

18   sua sponte, hereby revokes [Mr. Tan's] conditions of release and band . . . and orders that

19   [Mr. Tan'] shall remain in custody." *Id.*

20   In light of the highly unusual procedural situation, Mr. Tan requests this Court

21   exercise its power under Federal Rule of Criminal Procedure 40(c), permitting this Court "to

22   modify any previous . . . detention order issued in another district" and state it its order the

23   reasons for doing so. Mr. Tan requests that this Court modify the December 17, 2019 order

24   revoking Mr. Tan's conditions of release and bond because (1) Mr. Tan did not actually

25   commit any violations of his pretrial release order; (2) Mr. Tan has since rescinded his desire

26   to return to custody, which was a request that came while he was unmedicated, and resulted

1    from a miscommunication with his father; and (3) Mr. Tan's father is still willing to act as a

2    third-party custodian for his son. Mr. Tan requests this Court modify the December 17, 2019

3    Order, which requires Mr. Tan to "remain in custody," to instead permit Mr. Tan to return to

4    his father's care, until the December 17 Order is resolved. If this Court deems the home of

5    Mr. Tan's father to be an inappropriate place for Mr. Tan to reside, then Mr. Tan alternatively

6    requests he be permitted to reside at the Halfway House.

7        If this Court disagrees with Mr. Tan's request to modify the December 17 Order, Mr.

8    Tan requests this Court instead stay the December 17 removal order for 14 days. Undersigned

9    counsel spoke to Mr. Tan's AFPD in Chicago, who stated that there had been preliminary

10   discussions in the charging district regarding transferring Mr. Tan's case pursuant to Federal

11   Rule of Criminal Procedure 20. Further, undersigned counsel has spoken to the trial chief of

12   the Federal Public Defender's Office in Nevada, and confirmed that the Office here would be

13   willing to take Mr. Tan's case, should this transfer be considered. In light of the fact that Mr.

14   Tan is already in Las Vegas, keeping him here while a transfer is being considered would

15   preclude unnecessary travel across the country. Unnecessary and extensive travel for Mr. Tan

16   is particularly burdensome in light of his mental health issues and the particular medication

17   regimen that he requires.  Further, with Mr. Tan remaining in Las Vegas, where both his

18   father and brother currently reside, Mr. Tan would be able to see and continue to receive

19   support from his family, both during the holiday season and as his case continues.

20

21

22

23

24

25

26

1

### III.    CONCLUSION

2      For the foregoing reasons, Mr. Tan requests this Court modify the December 17, 2019

3  Order under Federal Rule of Criminal Procedure 40(c). In the alternative, Mr. Tan requests

4  this Court stay the removal order while a transfer pursuant to Federal Rule of Criminal

5  Procedure 20 may be considered.

6

7      DATED this 19th day of December, 2019.

8                                                        RENE L. VALLADARES
                                                         Federal Public Defender
9

10                                            By:   */s/ Katherine Tanaka*

11                                                       KATHERINE TANAKA
                                                         Assistant Federal Public Defender
12                                                       Attorney for Chang Tan

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on December 19, 2019, she served an electronic copy of the above and foregoing **RESPONSE TO GOVERNMENT'S BENCH MEMORANDUM REGARDING FURTHER PROCEEDINGS IN THIS DISTRICT** by electronic service (ECF) to the person named below:

NICHOLAS A. TRUTANICH
United States Attorney
PATRICK BURNS
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

*/s/  Rosana Aporta, Legal Assistant*
Employee of the Federal Public Defender